1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RODNEY JEROME WOMACK

11          Plaintiff,                       No. CIV S-09-1431 KJM P

12      vs.

13   C. BAKEWELL, et al.

14          Defendant.                       ORDER

15   _____/

16          Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983.

17   His complaint alleges that prison officials were deliberately indifferent toward his medical need

18   for pain medication following surgery on his ankle in February 2009.  Plaintiff subsequently

19   submitted a one-page request in which he stated that he continued to suffer "unbearable pain."

20   Docket No. 8.  The court has construed the submission as a motion for a temporary restraining

21   order.  On November 17, 2009, the court ordered that the nature of the motion required a prompt

22   response from the defendants, even though they had not yet been served with the complaint in

23   this action.  The defendants have made a special appearance to file a response, and plaintiff has

24   filed a reply.

25          The purpose in issuing a temporary restraining order generally is to preserve the

26   status quo pending a fuller hearing.  However, when a party seeks a mandatory injunction, which

1

1  "goes well beyond simply maintaining the status quo," the party must show that the facts and the

2  law clearly favor his position.  Stanley v. University of Southern California, 13 F.3d 1313, 1320

3  (9th Cir.1994).  The plaintiff here seeks the latter, asking for an affirmative order from the court

4  requiring a change in the pain medication given him by the staff at California State Prison-

5  Sacramento (CSP-Sac).

6          The cases contain limited discussion of the standards for issuing any type of

7  temporary injunctive relief, due to the fact that very few such orders can be appealed prior to the

8  hearing on a preliminary injunction.  It is apparent however, that requests for temporary

9  restraining orders are governed by the same general standards that govern the issuance of a

10 preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347

11 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d

12 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729

13 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to

14 irreparable harm and the balance of hardships because the merits of a controversy are often

15 difficult to ascertain and adjudicate on short notice.

16          The legal principles applicable to a request for permanent injunctive relief are

17 well established.  To prevail, the moving party must show either a likelihood of success on the

18 merits and the possibility of irreparable injury, or that serious questions are raised and the

19 balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v.

20 Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762

21 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale

22 with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at

23 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a

24 significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible

25 irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

26 /////

1    Defendants have submitted a sworn statement from Dr. J. Bal, Chief Medical

2  Officer at CSP-Sac.  Dr. Bal states that he has "reviewed the Unit Health Record (UHR) of

3  inmate Rodney Jerome Womack... and evaluated the medical concerns posed by this Court in its

4  order dated November 17, 2009."  Declaration of J. Bal ¶ 2 (Docket No. 17-2).  Dr. Bal further

5  states that plaintiff "is currently receiving methadone (which can be used to treat chronic pain)...

6  and non-steroidal anti-inflammatory drugs....  He has been seen regularly by physicians for his

7  chronic pain."  Id. ¶ 4. The medical records attached to Dr. Bal's declaration reflect the

8  medication administered plaintiff in February and March 2009; they do not appear to include all

9  "relevant excerpts from Mr. Womack's UHR."  Id.  Nevertheless, plaintiff candidly concedes he

10 is "at this point receiving 5 mg of methadone twice a day... and Naproxen 500 mg twice a day,

11 and acetaminophen 650 mg every four to six hours."  Reply at 8-9 (Docket No. 18; emphasis

12 added).  These statements, taken together, show there is no dispute about the medication plaintiff

13 is currently receiving for pain.

14    As stated above, the burden is on plaintiff to show that "there exists a significant

15 threat of irreparable injury."  Oakland Tribune, 762 F.2d at 1376.  In light of the statements

16 submitted, including plaintiff's own concession that he is currently receiving medication for pain,

17 the court finds no such threat.  Therefore the motion will be denied.

18    Accordingly, IT IS HEREBY ORDERED that the request for medication (Docket

19 No. 8), construed by the court as a motion for a temporary restraining order, is denied.

20 DATED:  December 16, 2009.

21

22 _____

23 U.S. MAGISTRATE JUDGE

24

25 4

26 woma1431.tro.ord2                                    _____